# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and ARTHUR H. BUNTE, JR., as Trustee, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | Case No. 16-cv-8368 |
| v. | ) ) | Judge |
| PIZANA TRUCKING, INC., an Indiana corporation, | ) ) ) ) | Magistrate Judge |
| *Defendant*. | ) | |

## COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") and Arthur H. Bunte, Jr., one of its present trustees, for a cause of action against Defendant allege as follows:

### JURISDICTION AND VENUE

1.     This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq*., and is a suit to recover employer contributions owed to the Pension Fund by Defendant in accordance with applicable collective bargaining, participation, and trust fund agreements, and to recover withdrawal liability owed as a result of an employer's withdrawal from the Pension Fund.

2.     This Court has jurisdiction over this action under sections 502(e), 502(f), and 4301(c) of ERISA, 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c).

- 1 -

3. Venue lies in this Court under sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Pension Fund is an "employee benefit plan" as that term is defined in ERISA and is administered at its principal place of business in Rosemont, Illinois. Venue is also proper in this Court pursuant to the forum selection clause contained in the Pension Fund's Trust Agreement which designates this district as the appropriate forum for lawsuits to collect delinquent contributions and withdrawal liability.

## PARTIES

4. The Pension Fund is a multiemployer pension plan within the meaning of sections 3(37) and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(37) and 1301(a)(3).

5. The Pension Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Pension Fund and paying the administrative expenses of the Pension Fund.

6. Plaintiff Arthur H. Bunte, Jr. is a present trustee and fiduciary of the Pension Fund within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of section 4001(a)(10) of ERISA, 29 U.S.C. § 1301(a)(10). The Trustees administer the Pension Fund at 9377 West Higgins Road, Rosemont, Illinois.

7. Pursuant to sections 502(a)(3) and 4301(a)(1) of ERISA, 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the Trustees, by and through their designated trustee Arthur H. Bunte, Jr., are

authorized to bring this action on behalf of the Pension Fund, its participants and beneficiaries for the purpose of collecting employer contributions and withdrawal liability.

8. Defendant Pizana Trucking, Inc. ("Pizana Trucking") is a corporation organized under the laws of the State of Indiana.

9. Pizana Trucking is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

## BACKGROUND INFORMATION

10. Local Union No. 716 ("Local 716") of the IBT is a labor organization which represented, for the purpose of collective bargaining, certain employees of Pizana Trucking and employees of other employers in industries affecting interstate commerce.

11. During all relevant times, Pizana Trucking and Local 716 were parties to a collective bargaining agreement pursuant to which Pizana Trucking was required to make contributions to the Pension Fund on behalf of certain of its employees.

12. Pizana Trucking and Local 716 were also parties to a Participation Agreement which required Pizana Trucking to pay contributions to the Pension Fund.

13. Pizana Trucking agreed to be bound by the terms of the Pension Fund's Trust Agreement (the "Trust Agreement") and all rules and regulations promulgated by the Trustees under said Trust Agreement.

14. Under the Trust Agreement, Pizana Trucking was required to "remit continuing and prompt Employer Contributions to the [Pension Fund] as required by the applicable collective bargaining agreement…"

15. The Trust Agreement provides that:

> Non-payment by an Employer of any moneys due shall not relieve any other Employer from its obligation to make payment. In

addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any Employer Contributions due to the Trustees from the date when the payment was due to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law. The interest payable by an Employer with respect to past due Employer Contributions (other than withdrawal liability) prior to the entry of a judgment, shall be computed and charged to the Employer (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) at an annualized interest rate of 7.5% (whichever is greater). ... Any judgment against an Employer for Employer Contributions owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount of 20% of the unpaid Employer Contributions. The interest rate after entry of a judgment against an Employer for Employer Contributions (other than withdrawal liability) shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) at an annualized interest rate of 7.5% (whichever is greater), and such interest shall be compounded annually.

16.     The Pension Fund relies upon participating employers to self-report the work history of eligible employees. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks worked by the covered employees. Based upon the employee work history reported by the employers, the Pension Fund bills the employers for contributions.

## STATUTORY AUTHORITY

17.     Section 515 of ERISA, 29 U.S.C. § 1145, provides:

Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

18.     Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), provides:

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A)     the unpaid contributions,

(B)     interest on the unpaid contributions,

(C)     an amount equal to the greater of--

    (i)     interest on the unpaid contributions, or

    (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)     reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E)     such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

19.     Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), provides:

In the event of a default, a plan sponsor may require immediate payment of the outstanding amount of an employer's withdrawal liability, plus accrued interest on the total outstanding liability from the due date of the first payment which was not timely made. For purposes of this section, the term "default" means--

….

(B)     any other event defined in rules adopted by the plan which indicates a substantial likelihood that an employer will be unable to pay its withdrawal liability.

20.     Section 4301(b) of ERISA, 29 U.S.C. § 1451(b), provides:

In any action under this section to compel an employer to pay withdrawal liability, any failure of the employer to make any withdrawal liability payment within the time prescribed shall be treated in the same manner as a delinquent contribution (within the meaning of section 1145 of this title).

## COUNT I –
## DELINQUENT CONTRIBUTIONS

21.     Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 20 of this Complaint as though fully set forth herein.

22.     This Count is to recover employer contributions and interest owed to the Pension Fund by Pizana Trucking in accordance with the applicable collective bargaining agreement, Participation Agreement, and Trust Agreement.

23.     During the period of May 26, 2013 through November 23, 2013, Pizana Trucking failed to report the work history of its covered employees to the Pension Fund. However, the Pension Fund received documentation from Tony Mills, a former Pizana Trucking employee, which shows that he performed covered work for Pizana Trucking during the period of May 26, 2013 through November 23, 2013.

24.     Based upon the information that Tony Mills provided, Pizana Trucking has breached the provisions of ERISA, the collective bargaining agreement, the Participation Agreement, and the Trust Agreement by failing to pay all of the contributions (and interest due thereon) owed on behalf of Tony Mills for the period of May 26, 2013 through November 23, 2013, to the Pension Fund.

25. Pizana Trucking owes the Pension Fund $1,949.02 for unpaid contributions (not including interest) for the period of May 26, 2013 through November 23, 2013, as a result of the conduct set forth in paragraph 24.

**WHEREFORE**, Plaintiffs request the following relief:

(a)     A judgment against Defendant in favor of the Pension Fund, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for:

    (i)     the unpaid contributions owed to the Pension Fund on behalf of Tony Mills for the period of May 26, 2013 through November 23, 2013, based upon the information he provided to the Pension Fund;

    (ii)     interest on the unpaid contributions computed and charged at the greater of: (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) an annualized interest rate of 7.5%;

    (iii)     an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions; and

    (iv)     attorney's fees and costs;

(b)     Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

(c)     For such further or different relief as this Court may deem proper and just.

## COUNT II –
## WITHDRAWAL LIABILITY

26.     Plaintiffs reallege and incorporate each and every allegation made in paragraphs 1 through 20 of this Complaint as though fully set forth herein.

27.     The Pension Fund determined that on or about November 23, 2013, Pizana Trucking permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of section 4203 of ERISA, 29 U.S.C. § 1383.

28.     As a result of this complete withdrawal, the Pension Fund determined that Pizana Trucking incurred withdrawal liability to the Pension Fund in the principal amount of $560,099.83, as determined under section 4201(b) of ERISA, 29 U.S.C. § 1381(b) (the "Withdrawal Liability").

29.     On or about May 22, 2015, Pizana Trucking received a notice and demand for payment of the Withdrawal Liability issued by the Pension Fund in accordance with sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§1382(2) and 1399(b)(1).  The notice demanded full payment of the entire amount of the Withdrawal Liability by June 1, 2015, pursuant to section 4219(c)(5)(B) of ERISA, 29 U.S.C. § 1399(c)(5)(B), and Appendix E, § 5(e)(2) of the Pension Fund's Pension Plan. The amount demanded was $560,099.83, the balance owed at that time on the Withdrawal Liability.

30.     Pizana Trucking did not timely initiate arbitration pursuant to section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1). Consequently, the amounts demanded by the Pension Fund are due and owing pursuant to section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1).

31.     Pizana Trucking failed to make the required withdrawal liability payment to the Pension Fund.

**WHEREFORE**, Plaintiffs request the following relief:

(a)       A judgment against Defendant, and on behalf of Plaintiffs, pursuant to sections 502(g)(2) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2) and 1451(b), for --

   (i)       the past due Withdrawal Liability payment in the amount of $560,099.83;

   (ii)      interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

   (iii)     amount equal to the greater of interest on the unpaid withdrawal liability or liquidated damages of 20% of the unpaid withdrawal liability; and

   (iv)      attorney's fees and costs.

(b)      Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

(c)      Such further or different relief as this Court may deem proper and just.

Respectfully submitted,

*/s/ Lois J. Yu*
Lois J. Yu, Attorney (ARDC #6321772)
CENTRAL STATES FUNDS
Law Department
9377 W. Higgins Road, 10th Floor
Rosemont, Illinois 60018-4938
(847) 939-2116
lyu@centralstatesfunds.org

August 26, 2016

T: 547285 / 16510053 / 8/26/2016